```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
PATRICK JOSEPH McMAHON and SANDRA                                 :
GAGLIARDY McMAHON,                                                :
                                                                  :
                                Plaintiffs,                       :     25-CV-1323 (JMF)
                                                                  :
                -v-                                               :     ORDER
                                                                  :
BJW REALTY LLC,                                                   :
                                                                  :
                                Defendant.                        :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On February 13, 2025, Plaintiffs filed a Complaint in which they invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1, ¶ 5. Although Plaintiffs state that "there exists complete diversity of citizenship between Plaintiffs and Defendant," they merely allege the parties' states of residence, not their states of citizenship. *Id.* ¶¶ 1-4. This is not enough. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)). For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . ."). In addition, a complaint premised upon

diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to do so.

Accordingly, no later than **February 25, 2025**, Plaintiffs shall file an amended complaint properly alleging the *citizenship* of each party to this action. If, by that date, Plaintiffs do not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: February 18, 2025
       New York, New York

                                                 JESSE M. FURMAN
                                                 United States District Judge